**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FRANCISE M. KELLEY and WILLIE JORDAN, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | CIVIL ACTION NO. 1:11-CV-2497-RWS |
| WASHINGTON MUTUAL FINANCE INC., JP MORGAN CHASE BANK, and John Does 1-3, | : : : : : | |
| Defendants. | : | |

## ORDER

This case comes before the Court on Plaintiff Francise M. Kelley's

Amended Motion in Limine [89], Defendant JP Morgan Chase Bank's Motion

for Summary Judgment as to Plaintiff Kelley's Claims [95], Plaintiff Kelley's

Motion to Strike JP Morgan Chase Bank's Answer [107], Plaintiff Kelley's

Motion for Permission to File an Amended Memorandum of Law in Opposition

to Defendant's Motion for Summary Judgment [108], Plaintiff Kelley's Motion

for Permission to File Motion to Compel and Motion to Stay [109], Plaintiff

Kelley's Motion for Expedited Ruling on Motion to Compel Discovery [110],

Plaintiff Jordan's Motion to Stay Discovery and Re-Open and Extend

Discovery Deadline [112], Plaintiff Kelley's Motion for Permission to File Sur-Reply in Opposition to Defendant JP Morgan Chase Bank's Motion for Summary Judgment [119], and Plaintiff Kelley's Motion for Permission to File Motion for Summary Judgment [123].  Having carefully reviewed the record, the Court enters the following order.

**Background**

On or about September 30, 2005, Plaintiff Willie Jordan entered into two mortgage loan transactions with Long Beach Mortgage Company ("Long Beach").  Concurrently with the loans, Plaintiff Jordan executed two security deeds in favor of Long Beach secured by real property located at 6503 Barkston Trace, Douglasville, Georgia 30135 [95-3].[1]  In connection with the loans, Plaintiff Jordan executed two promissory notes in favor of Long Beach in the total principal amount of $150,500.00 [95-4].  On June 7, 2006, Long Beach merged with and into Washington Mutual Bank [95-5].  On September 25, 2008, Washington Mutual Bank was declared insolvent, and the Federal Deposit Insurance Corporation was appointed Receiver [95-6].  Pursuant to a

---

[1]     Plaintiff Kelley disputes this fact because she argues that the security deeds are inadmissible and unauthenticated.  However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of public records.

Purchase and Assumption Agreement dated September 25, 2008, the FDIC-Receiver transferred to JP Morgan Chase Bank ("Chase") all right, title, and interest in and to all of the assets of Washington Mutual Bank [Id.].  On February 23, 2009, Chase assigned all interest in the property to Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2006-WL2 [95-7].

According to Plaintiffs' allegations, on or about February 8, 2008, Plaintiffs Jordan and Kelley entered into a "Lease Agreement with Option to Purchase" [3-1].  Neither Chase nor Washington Mutual Bank was a party to this contract [Id.].  On or about April 7, 2009, Plaintiff Jordan executed a general power of attorney in favor of Plaintiff Kelley [3-2].  On May 14, 2009, Plaintiff Jordan executed a quit claim deed, transferring his interest in the property to Plaintiff Kelley.  However, Plaintiff Kelley has neither assumed the loan nor entered into a contractual relationship with Chase.

In April 2010, Plaintiff Jordan was offered a loan modification; however, he failed to meet the prerequisites for the loan modification to be finalized [3, ¶ 28].  Plaintiff Kelley signed the loan modification agreement, but it was never

AO 72A
(Rev.8/82)

countersigned by Chase.  Upon Plaintiff Jordan's default, Chase initiated

foreclosure proceedings.

On July 29, 2011, Plaintiffs filed their Complaint in this Court [1].

Plaintiffs filed an Amended Complaint on August 1, 2011.  The Court granted

in part and denied in part a Motion to Dismiss filed by Chase [21].  The Court

dismissed all of Plaintiffs' claims except their claims for wrongful foreclosure

and breach of contract [Id.].  Both of these claims are premised upon the

contention that Chase breached a duty to Plaintiffs when it declined to modify

the subject promissory notes and deeds.

## Analysis

I. **Plaintiff Kelley's Motion to Strike [107], Plaintiff Kelley's Motion for Permission to File Motion to Compel [109], and Plaintiff Kelley's Motion for Expedited Ruling [110]**

A. **Plaintiff Kelley's Motion to Strike [107]**

Plaintiff Kelley has moved to strike Defendant Chase's Answer and

Defendant's Chase's Motion for Summary Judgment and has moved for entry

of default judgment against Chase [107].

As to Chase's Answer, Plaintiff Kelley argues that it should be stricken

because it was not verified by Chase.  Pursuant to Federal Rule of Civil

4

Procedure 11, "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." Thus, Chase was not required to file a verified answer.

As to Chase's Motion for Summary Judgment, Plaintiff Kelley argues that it should be stricken based on three grounds. First, Plaintiff Kelley argues that Chase's Motion for Summary Judgment was filed prematurely (before the close of discovery). However, the Court finds that Chase abided by the Federal Rules of Civil Procedure and the Local Rules of this Court. Pursuant to Federal Rule of Civil Procedure 56(b), a summary judgment motion may be filed "at any time until 30 days after the close of all discovery." There is no prohibition on filing a summary judgment motion in advance of the close of discovery. Second, Plaintiff Kelley argues that Chase's Motion for Summary Judgment and responsive discovery raised denials clearly contradicted by evidence in the record. This argument does not set forth grounds upon which Chase's Motion for Summary Judgment should be stricken. Instead, this argument should be raised in response to the motion. Third, Plaintiff Kelley argues that Chase failed to produce documents promised by its initial disclosures. However, Plaintiff Kelley has not set forth any authority that would warrant striking a

party's summary judgment motion over a discovery dispute, and even if the Court presumes that all Plaintiff's statements are true, the Court finds that striking Chase's motion would be excessive under the circumstances.

For the reasons stated above, Plaintiff Kelley's Motion to Strike and Motion for Default Judgment [107] is **DENIED**.

### B.    Plaintiff Kelley's Motion for Permission to File Motion to Compel [109]

Plaintiff Kelley moves the Court for permission to file a motion to compel [109].  Since Plaintiff Kelley filed this motion within the discovery period, the Court will construe the motion as a motion to compel.

First, Plaintiff Kelley seeks information and/or deposition dates for: (1) Joel Freedman, Chase's foreclosure counsel, (2) Michael Zarro, the former Home Lending Executive and Senior Vice President of Chase, and (3) Beth Ann Cottrell, a foreclosure supervisor employed by Chase based out of Columbus, Ohio.  Joel Freedman is not an employee of Chase and is not under the control of Chase.  As such, Chase is not responsible for producing Joel Freedman for a deposition in this case.  As to Michael Zarro and Beth Ann Cottrell, Plaintiff Kelley seeks to depose them based upon their testimony in

6

prior, unrelated litigations, but Plaintiff Kelley has not identified their involvement with the subject loan or litigation.  As such, their depositions are outside the scope of discovery required by Federal Rule of Civil Procedure 26.

Second, Plaintiff Kelley seeks to compel the production of the loan file. Defendant Chase states that Plaintiff Kelley had not previously requested these documents and that the documents were produced concurrently with the response to the motion.

Third, Plaintiff Kelley objects to Chase's written discovery requests because: (1) Chase's representative verified Chase's responses and objections to her interrogatories rather than answering them himself, (2) the case number on Chase's written discovery responses failed to identify Judge Story in the case number, and (3) Michael Wolak III and Julie C. Jared were not identified in the signature block of the documents.  However, the Court has reviewed Chase's responses, and the Court finds that they were proper.

For the reasons stated above, Plaintiff Kelley's Motion to Compel [109] is **DENIED**.

**C.     Plaintiff Kelley's Motion for Expedited Ruling [110]**

Plaintiff Kelley moved the Court for expedited ruling on her Motion to

Compel and Motion for Default Judgment [110].  The Court has now ruled on

those motions, so Plaintiff's Motion for Expedited Ruling [110] is **DENIED as**

**MOOT**.

**II.     Defendant Chase's Motion for Summary Judgment [95]**

**A.     Standard**

Federal Rule of Civil Procedure 56 requires that summary judgment be

granted "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  "The moving party bears 'the initial responsibility of informing the . . .

court of the basis for its motion, and identifying those portions of the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, which it believes demonstrate the absence of a genuine issue

of material fact.'"  Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259

(11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)

(internal quotations omitted)).  Where the moving party makes such a showing,

the burden shifts to the non-movant, who must go beyond the pleadings and

8

present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257  (1986).

The applicable substantive law identifies which facts are material.  Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law.  Id.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met

9

its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

**B.    Analysis**

As an initial matter, Plaintiff Kelley has moved the Court for permission to file an amended memorandum of law in opposition to Chase's Motion for Summary Judgment [108]. Plaintiff Kelley's Motion [108] is **GRANTED**. The Court will consider Plaintiff Kelley's amended response [108-1] in deciding Chase's Motion for Summary Judgment.

Plaintiff has also filed a Motion for Permission to File Sur-Reply in Opposition to Defendant JP Morgan Chase Bank's Motion for Summary Judgment [119]. In her motion, Plaintiff Kelley asserts that Chase raised for the first time in its Reply Brief a *res judicata* argument based on a 2009 foreclosure judgment Chase secured. Because this issue had not previously been raised, Kelley seeks leave to address it in a sur-reply brief. It is common practice for the Court not to hear arguments raised for the first time in a reply brief. See United States v. Oakley, 744 F2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court."); United States v. Ga. Dep't of Natural Res., 897 F.Supp. 1464, 1471

10

(N.D.Ga. 1995) ("This court will not consider arguments raised for the first time in a reply brief.").  The *res judicata* argument was not raised in Chase's original brief.  Therefore, the court will not consider the argument in its analysis of the motion.  Because the argument will not be considered, a sur-reply is not needed.  Therefore, Kelley's Motion for Permission to File Sur-Reply in Opposition to Defendant JP Morgan Chase Bank's Motion for Summary Judgment [119] is **DENIED.**

Defendant Chase argues that it is entitled to summary judgment as to Plaintiff Kelley's claims because Kelley, who is not a party to the contract between Chase and Plaintiff Jordan, lacks standing to pursue the claim.  The Court agrees.  Kelley is not a signatory to the notes or the deeds, and she is not a named borrower to the proposed loan modification agreement.  Also, she does not have a recorded interest in the property.  In Georgia, "an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it."  O.C.G.A. § 9-2-20(a); Alexander v. Dinwiddie, 214 Ga. 441, 442 (1958).  In this case, since Plaintiff Kelley is not a signatory to the notes or deeds, she does not have a legal interest in the property.  To the extent Plaintiff Kelley contends that she is

a third-party beneficiary, this argument fails because there is no mention of Plaintiff Kelley in any of the documents.  Also, she did not enter into a lease agreement until February 2008, so execution of the notes and deeds, which occurred in 2005, could not have been for her benefit.  There is likewise no indication that the loan modification agreement was intended to benefit Plaintiff Kelley.  For the reasons stated above, the Court finds that Chase is entitled to summary judgment as to Plaintiff Kelley's breach of contract claim.

Similarly, Plaintiff Kelley lacks standing to challenge the foreclosure because she lacks a legal interest in the property.  For that reason, the Court finds that Chase is entitled to summary judgment as to Plaintiff Kelley's breach of contract claim.

Defendant Chase's Motion for Summary Judgment [95] is **GRANTED**.

III.    **Plaintiff Jordan's Motion to Extend Discovery [112]**

Plaintiff Jordan has moved the court to re-open discovery and extend the discovery deadline through November 15, 2013 [112].  Plaintiff Jordan states that good cause exists to extend the discovery deadline because the parties have failed to schedule witness depositions and Jordan has not yet filed or served his discovery.  Defendant Chase has filed a Response in Opposition [117] pointing

out that Plaintiff Jordan made his first appearance in the litigation over two years after the suit was filed and just three days before the close of the discovery period, which had previously been extended on several occasions. The Court's last discovery Order [88] issued May 15, 2013, stated the specific discovery that could be propounded and required that it be served within 21 days of the entry of that order.  Once a scheduling order is issued, it may only be modified for good cause.  Fed. R. Civ. P. 16(b)(4).

In his motion, Plaintiff Jordan simply makes the conclusory assertion that good cause exists.  However, he offers no facts supporting that assertion.  The Court finds that good cause has not been shown.  Therefore, Plaintiff Jordan's Motion to Extend Discovery [112] is **DENIED**.

## IV. Plaintiff Kelley's Motion for Permission to File Motion for Summary Judgment [123] and Amended Motion in Limine [89]

Plaintiff Kelley filed a Motion for Permission to File Motion for Summary Judgment [123] against Defendant JP Morgan Chase Bank.  In light of the Court's ruling in Part II of this Order that Plaintiff Kelley lacks standing to assert the claims against Chase, her motion [123] is due to be **DENIED**.  For

this same reason, Plaintiff Kelley's Amended Motion in Limine [89] is

**DENIED as MOOT**.

## V.    Service

The Court notes that Washington Mutual Finance is named as a party to

this action.  However, it does not appear that Washington Mutual Finance has

been served.  Federal Rule of Civil Procedure 4(m) requires service within 120

days of the filing of a Complaint.  Plaintiffs' Amended Complaint was filed on

August 1, 2011 [3].  It appears that Plaintiffs have not complied with Rule 4(m).

Plaintiffs are **ORDERED** to show cause within fourteen days of this order as to

why their claims against Washington Mutual Finance should not be dismissed

for failure to prosecute.

## VI.    John Doe Defendants

The court notes that Plaintiffs have named "John Does 1-3" as

defendants.  Plaintiffs may not proceed with this action against the unidentified

John Doe defendants.   See Wayne v. Jarvis, 197 F.3d 1098, 1102-03 (11th Cir.

1999), overruled on other grounds by Manders v. Lee, 338 F.3d 1304, 1328

n.52 (11th Cir. 2003).  Accordingly, these unidentified defendants are hereby

**DISMISSED** from this action.

14

## Conclusion

For the reasons stated above:

(1)     Plaintiff Kelley's Motion to Strike and Motion for Default

Judgment [107] is **DENIED**;

(2)     Plaintiff Kelley's Motion to Compel [109] is **DENIED**;

(3)     Plaintiff's Motion for Expedited Ruling [110] is **DENIED as**

**MOOT**;

(4)     Plaintiff Kelley's motion for Permission to File and Amended

Memorandum [108] is **GRANTED**; Plaintiff Kelley's Motion for

Permission to File Sur-Reply in Opposition to Defendant JP

Morgan Chase Bank's Motion for Summary Judgment [119] is

**DENIED;** Defendant Chase's Motion for Summary Judgment [95]

is **GRANTED**, and the Clerk is **DIRECTED** to enter judgment in

favor of Chase as to Plaintiff Kelley's claims;

(5)     Plaintiff Jordan's Motion to Extend Discovery [112] is **DENIED**;

(6)      Plaintiff Kelley's Motion for Permission to File Motion for

Summary Judgment [123] is **DENIED**;

15

(7)     Plaintiff Kelley's Amended Motion in Limine [89] is **DENIED as**

**MOOT**;

(8)     Plaintiffs are **ORDERED** to show cause within fourteen days of

this order as to why their claims against Washington Mutual

Finance should not be dismissed for failure to prosecute; and

(9)     The unidentified John Doe defendants are hereby **DISMISSED**

from this action.

**SO ORDERED**, this __3rd__ day of October, 2013.


_____

RICHARD W. STORY

UNITED STATES DISTRICT JUDGE

16