IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRANCISE M. KELLEY and WILLIE JORDAN, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 1:11-CV-2497-RWS |
| JP MORGAN CHASE BANK, | : : : |
| Defendant. | : : : |

**ORDER**

This case comes before the Court on Defendant JP Morgan Chase Bank's Motion for Summary Judgment [121]; Plaintiff Jordan's Motion to Allow Motion to Extend the Page Limit [132] and Motion to Extend the Page Limit [133]; and Plaintiff Kelley's Emergency Motion Requesting Permission for Additional Time to File Motion for Reconsideration [143], Motion to File Amended Notice of Appeal [152], Amended and Supplemental Motion for Permission to Obtain Additional Time to File Motion for Reconsideration [155], Motion for Reconsideration [157], and Motion for Leave to File Excess Pages [161]. After reviewing the record, the Court enters the following Order.

## Background

On or about September 30, 2005, Plaintiff Willie Jordan entered into two mortgage loan transactions with Long Beach Mortgage Company ("Long Beach"). Concurrently with the loans, Plaintiff Jordan executed two security deeds in favor of Long Beach secured by real property located at 6503 Barkston Trace, Douglasville, Georgia 30135. (Chase's Statement of Material Facts ("SMF"), Dkt. [121-2] ¶ 4.) In connection with the loans, Plaintiff Jordan executed two promissory notes in favor of Long Beach in the total principal amount of $150,500.00. (Id. ¶ 2.) On June 7, 2006, Long Beach merged with and into Washington Mutual Bank. (Id. ¶ 6.) On September 25, 2008, Washington Mutual Bank was declared insolvent, and the Federal Deposit Insurance Corporation was appointed Receiver. (Id. ¶ 7.) Pursuant to a Purchase and Assumption Agreement dated September 25, 2008, the FDIC-Receiver transferred to JP Morgan Chase Bank ("Chase") all right, title, and interest in and to all of the assets of Washington Mutual Bank. (Id.) On February 23, 2009, Chase assigned all interest in the property to Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust

2006-WL2.  (Id. ¶ 9.)  However, Chase remains the servicer of the loan on behalf of Deutsche Bank.  (Id. ¶ 10.)

After obtaining a loan modification in early 2008, Plaintiff Jordan was again offered a loan modification in April 2010.  (Id. ¶¶ 11-12.)  To accept the offer, Plaintiff was required to execute a copy of it and return it to Chase by April 17, 2010, and then tender the new monthly payment amount of $695.57 by May 1, 2010.  (Id. ¶ 14.)  When Plaintiff failed to meet either of these preconditions, Chase sent a letter to him on May 4, 2010, inquiring about the status of the offer and informing him that failure to return the signed offer by May 19, 2010, would result in withdrawal of the offer.  (Id. ¶¶ 15-16.)

Plaintiff Kelley, responding as Jordan's attorney in fact, sent Chase a letter on May 18, 2010, but did not return an executed copy of the 2010 modification agreement by May 19.  (Id. ¶¶ 17-18.)  The May 18 letter instead requested additional time to review the modification offer and asked "for the new modification to reflect the recent payments as well." (May 18 Letter, Dkt. [121-4] at 55-56.)  Plaintiffs have submitted a loan modification agreement that they purport to have signed on April 19, 2010; however, Chase never executed that copy of the modification.  (See Dkt. [130-3] at 6; Chase's SMF, Dkt. [121-

3

2] ¶ 19.)  Finally, although Plaintiff Jordan is in default, Chase has not conducted a foreclosure sale.  (Chase's SMF, Dkt. [121-2] ¶ 20-21.)

On July 29, 2011, Plaintiffs filed their Complaint [1] in this Court. Plaintiffs filed an Amended Complaint on August 1, 2011.  The Court granted in part and denied in part a Motion to Dismiss filed by Chase. (Dkt. [21].)  The Court dismissed all of Plaintiffs' claims except their claims for wrongful foreclosure and breach of contract.  (Id.)  On October 4, 2013, the Court dismissed Plaintiff Kelley for lack of standing because she was not a party to the note or security deed, nor was she a third-party beneficiary.  Finally, both of Plaintiff Jordan's claims are premised upon the contention that Chase breached a duty to him when it declined to modify the subject promissory notes and deeds.

## Discussion

### I.  Preliminary Matters

As a preliminary matter, Plaintiff Jordan's Motion to Allow Motion to Extend the Page Limit [132] and Motion to Extend the Page Limit [133] are **GRANTED**.

Next, Plaintiff Kelley's Emergency Motion Requesting Permission for Additional Time to File Motion for Reconsideration [143] is **GRANTED,** *nunc pro tunc* to October 31, 2013, and her Amended and Supplemental Motion for Permission to Obtain Additional Time to File Motion for Reconsideration [155] is **GRANTED,** *nunc pro tunc* to November 21, 2013.

Plaintiff Kelley also filed a Motion to File Amended Notice of Appeal [152]. On January 13, 2014, the Eleventh Circuit Court of Appeals dismissed Plaintiff Kelley's appeal because the orders she wished to appeal were not yet final. Therefore, Plaintiff Kelley's Motion to File Amended Notice of Appeal [152] is **DENIED as moot**.

Finally, Plaintiff Kelley's Motion for Leave to File Excess Pages [161] is **GRANTED**.

## II.  Plaintiff Kelley's Motion for Reconsideration [157]

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v.

5

Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  However, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259.  Furthermore, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

Plaintiff Kelley advances many of the same arguments she presented when Chase moved for summary judgment against her.  None of these arguments establishes that there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan, 246 F. Supp. 2d at 1258-59.  Accordingly, reconsideration is not absolutely necessary, and thus Plaintiff Kelley's Motion for Reconsideration [157] is due to be **DENIED**.

### III.   Chase's Motion for Summary Judgment [121]

A.   Legal Standard

AO 72A
(Rev.8/82)

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

7

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

### B. Analysis

#### 1. *Breach of Contract*

The elements of breach of contract are a valid contract, the breach, and the resultant damages to the party who has a right to complain that the contract was broken. Budget Rent-A-Car of Atlanta v. Webb, 469 S.E.2d 712, 713 (Ga.

8

Ct. App. 1996). Chase argues that it is entitled to summary judgment because (1) there was no agreement to modify the loan in 2010, and (2) Plaintiff's claim is barred by the statute of frauds.

First, Chase contends that Plaintiff Jordan never satisfied the conditions precedent to accept the modification offer because he did not return an executed copy of the modification to Chase by April 17, 2010, nor did he tender the new monthly payment amount by May 1, 2010. In fact, Plaintiff again failed to return an executed copy after Chase's May 4 letter informing him that failure to do so by May 19 would result in withdrawal of the offer. And while Plaintiff did indicate an interest in obtaining a modification, the May 18 letter failed to communicate unequivocal acceptance of Chase's offer. See Lamb v. Decatur Fed. Sav. & Loan Ass'n, 411 S.E.2d 527, 529 (Ga. Ct. App. 1991) (stating that "acceptance of an offer must be unconditional, unequivocal, and without variance of any sort"). Instead, the letter asked for additional time to review the offer and posed several questions to Chase, including a request that the new modification reflect the recent payments on the loan. Consequently, there was no valid agreement to modify the loan in 2010.

9

Second, Chase points out that under the Statute of Frauds, "[a]ny contract for the sale of lands or any interest in, or concerning lands" must be in writing and signed by the party to be bound.  O.C.G.A. § 13-5-30(4).  The Statute of Frauds also applies to "[a]ny commitment to lend money."  Id. § 13-5-30(7).  In addition, "[w]hen a contract is required by the Statute of Frauds to be in writing, any modification of the contract must also be in writing."  Walden v. Smith, 546 S.E.2d 808, 810 (Ga. Ct. App. 2001).  Because Chase never signed the modification agreement, Plaintiff's breach of contract claim is also barred by the Statute of Frauds.  See Ogburn v. Chase Home Finance LLC, No. 1:11-CV-1856-TWT, 2011 WL 5599150, at *2 (N.D. Ga. Nov. 16, 2011) ("To be valid, however, [an agreement to refinance a loan] must be in writing and signed by Chase.").

Nevertheless, Plaintiff argues that there remain disputes of material fact that preclude summary judgment.  However, none of these issues are material to the breach of contract claim or call into question the undisputed facts showing that Plaintiff never accepted the 2010 modification offer.  Therefore, Plaintiff's breach of contract claim fails.

10

### 2. *Wrongful Foreclosure*

To state a claim for wrongful foreclosure under Georgia law, Plaintiff Jordan must demonstrate: (1) a legal duty owed to him by the foreclosing party; (2) a breach of that duty; (3) a causal connection between the breach of that duty and the injury he sustained; and (4) damages. Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004).

According to Chase, the property has not yet been foreclosed upon, and Plaintiff presents no evidence to dispute this fact. (Chase Decl., Dkt. [121-3] ¶ 21.)  Therefore, Chase argues that Plaintiff's wrongful foreclosure claim fails as a matter of law.  The Court agrees.  "[U]nder Georgia law [Plaintiff Jordan] must first show that his property was sold at foreclosure in order to state a plausible claim for wrongful foreclosure.  Because he has not alleged that a foreclosure sale occurred, [Plaintiff Jordan] has failed to state such a claim." Thomas v. Bank of America, No. 13-10845, 2014 WL 657830, at *3 (11th Cir. Feb. 21, 2014); see also Edwards v. BAC Home Loan Servicing, L.P., No. 1:11-CV-2465-RWS, 2012 WL 4327052, at *1 (N.D. Ga. Sept. 14, 2012) ("Plaintiffs may not state a claim for wrongful foreclosure where no foreclosure sale has actually occurred.").  Therefore, Chase is entitled to summary judgment as to

11

Plaintiff's claim for wrongful foreclosure.  Accordingly, Chase's Motion for Summary Judgment [121] is **GRANTED**.

## Conclusion

For the foregoing reasons:

(1) Plaintiff Jordan's Motion to Allow Motion to Extend the Page Limit [132] and Motion to Extend the Page Limit [133] are **GRANTED**;

(2) Plaintiff Kelley's Emergency Motion Requesting Permission for Additional Time to File Motion for Reconsideration [143] is **GRANTED,** *nunc pro tunc* to October 31, 2013, and her Amended and Supplemental Motion for Permission to Obtain Additional Time to File Motion for Reconsideration [155] is **GRANTED,** *nunc pro tunc* to November 21, 2013;

(3) Plaintiff Kelley's Motion to File Amended Notice of Appeal [152] is **DENIED as moot**;

(4) Plaintiff Kelley's Motion for Leave to File Excess Pages [161] is **GRANTED**, and her Motion for Reconsideration [157] is **DENIED**; and

12

(5)   Defendant JP Morgan Chase Bank's Motion for Summary Judgment [121] is **GRANTED**.  The Clerk is **DIRECTED** to close the case.

**SO ORDERED**, this   28th   day of April, 2014.

*[signature]*

**RICHARD W. STORY**
United States District Judge